# EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| JUNIOR A. NUNEZ RODRIGUEZ, | ) |
| *Plaintiff(s)* | ) ) ) ) |
| v. | ) Civil Action No. |
| FORDHAM AUTO PLUS, INC., and JULIO CABRERA, individually, | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* FORDHAM AUTO PLUS, INC.
2409 Jerome Ave,
Bronx, NY 10468

JULIO CABRERA
2409 Jerome Ave,
Bronx, NY 10468

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: JOSEPH & NORINSBERG, LLC
110 E. 59th Street, Suite 2300
New York, New York 10022
Tel.: (212) 791-5396 | Fax. No.: (212) 791-5396
erica@employeejustice.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 09/12/2024    /s/ J. Gonzalez
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUNIOR A. NUNEZ RODRIGUEZ,                              Case No.:

                        Plaintiff,

        -against-                                       COMPLAINT

FORDHAM AUTO PLUS, INC. and
JULIO CABRERA, individually,

                        Defendants.
------------------------------------------------------------------X
```

Plaintiff, JUNIOR A. NUNEZ RODRIGUEZ, ("Plaintiff" or "Mr. Rodriguez"), by and through his attorneys, Joseph & Norinsberg, LLC, as and for his Complaint against FORDHAM AUTO PLUS, INC. and JULIO CABRERA, allege upon personal knowledge as to himself and upon information belief as to all other matters, as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff worked as a valet up to eighty-four (84) hours per week FORDHAM AUTO PLUS, INC (the "Company") and JULIO CABRERA, ("Cabrera"), (collectively "Defendants"). Throughout his employment with Defendants, Defendants did not pay Plaintiff the statutory minimum wage, overtime pay for hours worked over forty per week, or spread of-hours pay. Additionally, Defendants did not provide with the required wage notices or wage statements at the end of each pay period, in blatant violation of federal and state law.

2. Worse still, Cabrera's arrogant belief that he was above the law culminated in his decision to carry out a violent assault against Mr. Rodriguez. On December 5, 2023, Cabrera accused Mr. Rodriguez of being a thief and threatened to kill him. In the same breath, Cabrera struck Mr. Rodriguez in the chest, forcing him to call the police to seek intervention. Cabrera's forceful strike subsequently caused Mr. Rodriguez heart palpitations, which required medical

1

treatment.

3. Plaintiff brings this action seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, retaliation, statutory damages, pre-judgment and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190, et seq. ("NYLL"), the New York Wage Theft Prevention Act ("WTPA") and the Workplace Violence Prevention Act ("WVPA".)

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as Defendants reside within this judicial district.

## DEMAND FOR TRIAL BY JURY

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Junior A. Nunez Rodriguez is an individual who at all times relevant to this Complaint, is and has been, a resident of the state of New York.

8. From approximately June 22, 2019, until December 5, 2023, Plaintiff worked for

2

Defendants as a valet at Defendants' auto repair shop.

9. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

10. Defendant Fordham Auto Plus, Inc. is a New York corporation that owns, operates, and does business as "Automobile Repair Shop" located at 2409 Jerome Ave, Bronx, NY 10468.

11. The Company is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. The Company has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Defendant Julio Cabrera owns and operates the Company located Bronx, New York.

14. Cabrera is the principal and/or managing member of Defendant, Fordham Auto Plus, Inc.

15. Cabrera actively participated in the day-to-day operations of the Company and had the power to hire and fire employees. Cabrera did, in fact, hire and directly supervise Plaintiff.

16. At all relevant times herein, Defendants exercised, and continue to exercise, control over the terms and conditions of Plaintiff's employment, in that Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiff herein; and (v) otherwise affect the quality of the employee's work conditions and employment. Accordingly, Defendants was Plaintiff's "employer(s)" within the meaning of the FLSA, NYLL, and NYCRR.

3

# FACTUAL ALLEGATIONS

### *Cabrera Engaged in Multiple Wage Violations Against Mr. Rodriguez*

17. Mr. Rodriguez worked for Defendants' Automobile Repair Shop as a valet from on or about June 22, 2019, to December 5, 2023.

18. As a valet, Mr. Rodriguez's duties included parking vehicles for the Company.

19. Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, twelve-hour shifts Monday through Sunday. Each week, Plaintiff worked approximately eighty-four (84) hours.

20. As a result, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, forty-four (44) hours of overtime per week, virtually every week of his employment.

21. Despite working forty-four (44) hours of overtime hours per week, Defendants did not pay Plaintiff any wages for the overtime hours he worked.

22. Mr. Rodriguez was initially paid $910 per week. However, after two weeks of employment, Cabrera lowered Mr. Rodriguez's pay to $800 a week, claiming Mr. Rodriguez *"could no longer earn the $910 because he was undocumented."*

23. In March 2020 Mr. Rodriguez's pay was lowered to $700 per week despite the fact that Mr. Rodriguez continued to work twelve hours a day, seven days a week.

24. In February of 2022, Mr. Rodriguez requested a raise, and received a raise back to $800 a week. In October 2022, Mr. Rodriguez requested another raise, and was given a raise to $850. In May of 2023, Cabrera again increased Mr. Rodriguez's pay to $900 a week as the request of Mr. Rodriguez.

4

25. These raises still failed to properly compensate Plaintiff for his working hours as required by law.

26. Mr. Rodriguez was paid his wages from Defendants in cash.

27. Mr. Rodriguez was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate, on days that his shifts exceeded ten hours, as required by the NYLL.

28. Defendants did not furnish Plaintiff with wage statements with each payment of wages as required by the NYLL.

29. Defendants did not furnish Mr. Rodriguez with wage notices at his time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

***Cabrera Violently Assaults Mr. Rodriguez***

30. On December 5, 2023, Cabrera confronted Mr. Rodriguez in a furious outburst, in which he accused Mr. Rodriguez of being responsible for the alleged disappearance of "thousands of dollars" from the Defendants' safe.

31. Despite Mr. Rodriguez vehemently denying any involvement, Cabrera persisted, causing the incident to escalate into a physical altercation where Cabrera violently struck Mr. Rodriguez in the chest and threatened to kill him.

32. Mr. Rodriguez promptly called 911, leading to the arrival of the police, who intervened to de-escalate the situation and documented Cabrera's unlawful assault in a police report.

33. Following Cabrera's assault, Mr. Rodriguez sought medical care for chest pain and heart palpitations.

34. As a result of Cabrera's illegal and physically abusive behavior, Mr. Rodriguez

5

was forced to tender his resignation.

## PLAINTIFF'S FIRST CLAIM AGAINST DEFENDANTS
### (*Fair Labor Standards Act – Unpaid Overtime Wages*)

35. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Defendants were "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

37. Defendants employed Plaintiff between June 2019 through December 2023.

38. Defendants were required to pay Plaintiff one and one-half (1½) times his regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

39. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

40. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

41. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANTS
### (*Fair Labor Standards Act – Unpaid Minimum Wage*)

42. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. Defendants were "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

44. Defendants employed Plaintiff between June 2019 through December 2023.

6

45. Defendants were required to pay Plaintiff his minimum wages pursuant to the minimum wage provisions set forth in the FLSA.

46. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

47. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper minimum wage rate.

48. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

49.

### PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANTS
(*New York Labor Law – Unpaid Minimum Wage*)

50. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

52. Defendants employed Plaintiff between June 2019 through December 2023.

53. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

54. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

55. Defendants failed to pay Plaintiff his minimum wages to which he is entitled under the NYLL and its supporting NYDOL regulations.

56. Defendants willfully violated the NYLL by knowingly and intentionally failing to

7

pay Plaintiff his minimum hourly wages.

57. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PLAINTIFF'S FOURTH CLAIM AGAINST DEFEFENDANTS
(*New York Labor Law – Unpaid Overtime Wages*)

58. Plaintiff repeats, reiterates, and realleges every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Defendants were Plaintiff's' "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

60. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff at one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

61. Defendants failed to pay Plaintiff his overtime wages to which he was entitled to under the NYLL and its supporting regulations.

62. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff his overtime wages.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post- judgment interest.

## PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANTS
(*New York Labor Law – Spread of Hours Pay*)

64. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. Defendants willfully failed to pay Plaintiff additional compensation of one hour of

8

pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

66. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and pre-judgment and post-judgment interest, and liquidated damages.

**PLAINTIFF'S SIXTH CLAIM AGAINST DEFENDANTS**
**(***NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements***)**

68. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

70. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

71. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

**PLAINTIFF'S SEVENTH CLAIM AGAINST DEFENDANTS**
*(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)*

72. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above

9

with the same force and effect as if more fully set forth herein.

73. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74. Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

75. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**PLAINTIFF'S EIGHTH CLAIM AGAINST DEFENDANTS**
*(Assault in Violation of the Workplace Violence Prevention Act)*

76. Plaintiff hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

77. The WVPA protects employees from assault in the workplace.

78. As set forth above, Plaintiff was assaulted both in the workplace and by his supervisor, Defendant Cabrera.

10

79. As a direct and proximate result of Defendants' conduct in violation of the WVPA Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the minimum wage provisions of the NYLL;

b. Declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL Regulations;

c. Declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

d. Declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

e. Declaring that Defendants' violations of the FLSA and the NYLL were willful;

f. Awarding Plaintiff damages for unpaid minimum and overtime wages;

g. Awarding Plaintiff unpaid spread-of-hours pay;

h. Awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

i. Awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

j. Awarding pre-judgment and post-judgment interest under the NYLL;

k. Awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

11

l.  Awarding Plaintiff all damages which he has sustained as a result of Defendants' Unlawful conduct, including back pay, front pay, general and special damages for lost compensation and job benefits and they would have received but for Defendants' unlawful conduct, and for emotional distress, humiliation, embarrassment, pain, suffering and anguish;

m.  Awarding Plaintiff front pay until such time as he can be placed in the same position he would have occupied but for Defendants' unlawful conduct;

n.  Awarding Plaintiff punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional conduct; and

o.  Awarding such other and further relief as the Court deems just and proper.

Date: New York, New York
September 10, 2024

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: *Erica Meyer*
Erica Meyer, Esq.
*Attorneys for Plaintiff*
110 East 59th Street, Suite 2300
New York, New York 10022

12